# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANYANSO J. AGWU, | ) |
| Movant, | ) |
| vs. | ) Civil No. 09-00831-CV-W-FJG-P |
| | ) Crim. No. 06-00395-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed October 7, 2009. The Court finds that it has jurisdiction over this matter.

### I. BACKGROUND

On November 14, 2006, an indictment was returned in the Western District of Missouri charging Agwu with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). On March 5, 2007, Agwu appeared before the Court and entered a conditional plea of guilty in which he reserved the right to challenge his classification under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) which increased the statutory mandatory minimum sentence.

The Probation office prepared a presentence investigation report which determined that Agwu was an armed career criminal because he possessed three prior convictions for the sale of a controlled substance in Jackson County, Missouri. Prior to the sentencing, Agwu's counsel objected to the ACCA designation, arguing that the

three separate convictions should be counted as a single criminal episode.  The Probation office responded that the rules of qualifying for the enhancements under 18 U.S.C. § 924(e) are different than the rules relating to calculation of criminal history under the Guidelines. On July 20, 2007, Agwu appeared for sentencing.  Defense counsel repeated his arguments that the three convictions should be counted as a single related conviction, relying upon Application Note 3 and § 4B1.2.  The Court determined that the caselaw mandated overruling the defendant's objections and sentenced Agwu to 188 months imprisonment.

Agwu appealed his designation as an armed career criminal to the Eighth Circuit. However, the Eighth Circuit found that "[t]he critical sentencing issue under § 924(e) is whether Agwu's prior offenses were committed on different occasions. . . . Since Agwu's offenses were each committed on a different day, the district court did not err in applying U.S.S.G. § 4B1.4 in sentencing him under the Armed Career Criminal Act." U.S. v. Agwu, 271 Fed.Appx. 546 (8th Cir. 2008).  Agwu filed a petition seeking a writ of certiorari with the Supreme Court, which was denied.  On October 7, 2009, Agwu filed the instant motion seeking to set aside or correct his sentence. Agwu raises three points in his 28 U.S.C. § 2255 motion: 1) Denial of Effective Assistance of Counsel During Sentencing Proceeding; 2) Denial of Effective Assistance of Counsel on Direct Appeal and 3) Whether Agwu's Prior Drug Convictions May Not Be Considered Serious Drug Offenses for the Purpose of Triggering § 924(e).

## II.  STANDARD

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act

of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

### III. DISCUSSION

#### A. Amendment 709

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)." Id. Additionally, to establish prejudice, the

3

movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. "Although the two prongs of the 'ineffective assistance' analysis are described as sequential, courts 'do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.'" United States v. Vesey, No. C06-0075-MWB, 2009 WL 1324076, *5 (N.D. Iowa May 12, 2009) (citing Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999), cert. denied, 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000)).

Agwu argues that his counsel was ineffective during sentencing and also on direct appeal because he failed to bring to the Court's attention Amendment 709, which modifies § 4A1.2(a)(2) of the Sentencing Guidelines and which applies to criminal defendants sentenced under the Armed Career Criminal Act ("ACCA"). "Amendment 709 pertains to the computation of a defendant's criminal history category under the Guidelines. Of course, one of the factors that affects a defendant's criminal history category is the number of his prior convictions and sentences. Amendment 709 alters the procedure for 'counting multiple prior sentences . . . in determining a defendant's criminal history score.' U.S.S.G. Guidelines Manual, Supplement to Appendix C, Amendment 709, 'Reason for Amendment.'" Willis v. United States, No. 08-CV-16783JMR/AJB, 2009 WL 1744567, *6 (D.Minn. June 19, 2009). The Court in Willis explained:

> If Petitioner had not been found to be an Armed Career Criminal under 18 U.S.C. § 924(e), then Amendment 709 might arguably affect the computation of his criminal history category. However, Petitioner's status [as] an Armed Career Criminal *under the statute* effectively trumped the normal rules for determining his criminal history category under the

4

> Guidelines. Because Petitioner is an Armed Career Criminal under § 924(e), his total offense level and criminal history category were dictated by USSG 4B1.4, regardless of how his prior convictions and sentences might otherwise be treated under the Guidelines. The Guidelines explain how courts should count 'prior sentences,' and how courts should determine whether a defendant is a 'career offender,' (as opposed to an "Armed Career Criminal"), for purposes of applying the Guidelines. U.S.S.G. §§ 4A1.2 and 4B1.1. However, the term "Armed Career Criminal" is not defined by the Guidelines, and interpreted by the Sentencing Commission; it is defined by *statute*, (§ 924(e)), and interpreted by the courts.

Id. at *6.

> Once Petitioner was determined to be an Armed Career Criminal under § 924(e), he became subject to the enhancement provisions of USSG § 4B1.4. *Nothing in Amendment 709 changed the statutory definition of the term "Armed Career Criminal."* Therefore, Amendment 709 does not affect the propriety of Petitioner's sentencing as an Armed Career Criminal.

Id. at *7. Therefore, in the instant case, because Agwu was determined to be an Armed Career Criminal under 18 U.S.C. § 924(e), Amendment 709 to the Sentencing Guidelines had no effect on his sentence. Additionally, the Court notes that Agwu was sentenced on July 20, 2007 and the United States Sentencing Commission did not adopt Amendment 709 until November 1, 2007, almost four months after Agwu was sentenced. In United States v. Wilson, No. 02-361 (RHK/RLE), 2008 WL 544973, *1 (D.Minn. Feb. 26, 2008), the Court noted that "a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable. As succinctly explained in United States v. Boysaw, No. 7:03CR00128, 2008 WL 123641, at *1 (W.D.Va.2008), 'Amendment 709 is not listed in section 1B1.10(c) [of the Sentencing Guidelines] and, therefore, may not be applied retroactively as grounds for a sentence reduction under § 3582 for an inmate sentenced

5

before the amendment.'"

Accordingly, because Amendment 709 would not have applied retroactively to Agwu's case and because it would not have an impact upon his sentence, the Court finds that his counsel was not ineffective in failing to raise this issue either at the sentencing hearing or on direct appeal.

### B. Application of 18 U.S.C. § 924(e)

Agwu also argues that his counsel was ineffective for conceding that his prior drug convictions were serious drug offenses that triggered 18 U.S.C. § 924(e). However, the Court notes that Agwu's counsel did object to the Presentence Recommendation of sentencing enhancement and also argued this objection during the sentencing hearing. Agwu also argues that the quantity of drugs were not sufficiently large enough to have been charged in federal court. He also argues that "when Congress passes the law writing 'cocaine base' out as a reference in statute, and the guideline, petitioner's prior convictions for cocaine base under State Law, will be inapplicable under federal law." (Agwu's § 2255 Petition, Ground Three). Petitioner also argues that because he only received a sentence of fifty-seven months for his drug offenses, this did not trigger the statutory minimum.

18 U.S.C. § 924(e)(2)((A)(ii) defines a "serious drug offense" as:

An offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance, (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

Pursuant to the Missouri Statutes, the maximum term of imprisonment for a Class B felony is fifteen years imprisonment. See Mo.Rev.Stat. § 558.011.1(2). Even

6

though Agwu was only sentenced to a total of fifty-seven months (five years on each count, with the sentences running concurrently), the controlling language of the statute is what the *potential* maximum term of imprisonment is, not what sentence the defendant actually receives. In United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008), the Court stated, "[p]redicate offenses under the ACCA are limited to those 'committed on occasions different from one another.' 18 U.S.C. § 924(e)(1). Each distinct criminal episode is a separate predicate offense, regardless of the date of conviction or the number of trials or pleas. . . . We have repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant." In his Jackson County criminal case, Agwu pleaded guilty to three counts of the Sale of a Controlled Substance which occurred on April 24, 25 and 26, 2000. All three counts were Class B Felonies. Therefore, the Court finds that these are three separate offenses qualified as "serious drug offenses" under 18 U.S.C. § 924(e) and subjected Agwu to the enhanced sentencing provisions. The statute also makes no reference to quantity of drugs. Therefore, the Court finds Agwu's arguments relating to quantity to be unavailing. Because Agwu's counsel raised his arguments relating to his classification as an Armed Career Criminal both in the Presentence Report and also at the sentencing hearing and because there was no support for these objections, the Court finds that counsel's actions did not fall below an objective standard of reasonableness.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor

could a court resolve the issues differently.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Agwu's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1).

Date: 12/21/2010　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　Chief United States District Judge